IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02323-CMA-MJW

DAWANE ARTHUR MALLETT,

Plaintiff,

v.

J. MUNOZ, *Correctional Officer*,

Defendants.

## REPORT & RECOMMENDATION
on

### PRE SE PLAINTIFF'S MOTION FOR EMERGENCY RESTRAINING ORDER
(Docket No. 14)
and

### PRO SE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
(Docket No. 20)

**Michael J. Watanabe**
**United States Magistrate Judge**

    Plaintiff has filed two motions that this Court views as motions for preliminary injunctions. (Docket Nos. 14 & 20.) Both have been referred to the undersigned by U.S. District Judge Christine M. Arguello. (Docket Nos. 15 & 21.) At this Court's request, because Defendant has not entered an appearance, the U.S. Attorney's Office for the District of Colorado filed a response to the motions on behalf of the U.S. Bureau of Prisons. (Docket No. 23.) For the following reasons, the Court recommends that Plaintiff's Motion for Emergency Restraining Order (Docket No. 14) and Plaintiff's Motion for a Temporary Restraining Order (Docket No. 20) be DENIED.

    Following review under 28 U.S.C. Sec. 1915A by Senior District Judge Lewis T. Babcock and Lead Magistrate Boyd N. Boland, there is one remaining claim in this lawsuit: that Defendant J. Munoz, a correctional officer at the Florence ADX penitentiary, has been poisoning Plaintiff by placing chemicals in his food (in obvious violation of the Eighth Amendment). (Docket Nos. 7 & 8.) Plaintiff's first motion for Emergency Restraining Order alleges that Defendant Munoz is continuing to poison him and has also confiscated his legal materials; it requests that Court enter an injunction against Defendant. The requested injunction would compel Defendant Munoz to return Plaintiff's legal materials; presumably, Plaintiff would also like the injunction to compel

Defendant Munoz to stop poisoning Plaintiff's food.  (Docket No. 14.)  Plaintiff's second motion for Temporary Restraining Order alleges that Defendant Munoz and one other have soaked Plaintiff's food with urine and have made repeated violent threats against Plaintiff's life.  (Docket No. 20.)  The second motion includes a declaration/affidavit from Plaintiff stating that Defendant Munoz threatened him at specific times on specific dates, as well as a purported declaration/affidavit from another inmate attesting to similar threatening conduct.

The government's response to Plaintiff's first motion describes Plaintiff's current disciplinary situation (he has been sanctioned for throwing urine and feces at officers), provides a list of Plaintiff's many administrative complaints over the years, and provides a printout of Plaintiff's current medical history.  (Docket No. 23.)  Most importantly, the medical history shows no complaints related to Plaintiff's alleged vomiting of blood, nor anything else apparently related to poisoning of any sort.

Based on the foregoing, and Plaintiff's extensive litigation history in this Court, I find that Plaintiff has established neither a substantial likelihood of prevailing on the merits nor any irreparable harm.  *See, e.g.*, *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002) (elements for preliminary injunction).  Accordingly, Plaintiff's motions should be denied.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  December 16, 2014              s/ Michael J. Watanabe
       Denver, Colorado               Michael J. Watanabe
                                      United States Magistrate Judge