IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02323-CMA-MJW

DAWANE ARTHUR MALLETT,

Plaintiff,

v.

J. MUNOZ, *Correctional Officer*,

Defendant.

### REPORT & RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
### (Docket No. 49)

**Michael J. Watanabe**
**United States Magistrate Judge**

This matter is before the Court on Defendant's motion for summary judgment, referred by District Judge Christine M. Arguello (Docket Nos. 49 & 50).

Defendant's motion was filed on April 10, 2015. Under Local Civil Rule 7.2(d), Plaintiff's response was due on May 1, 2015; under Fed. R. Civ. P. 6(d), Plaintiff's response would have been deemed timely if received by the Clerk of Court by May 4, 2014. On May 5, 2015, having received no response from Plaintiff, the Court entered an order stating:

> It is hereby ORDERED that Plaintiff shall file a response to Defendant's motion for summary judgment (Docket No. 49) on or before May 19, 2015. **Plaintiff is warned that a failure to respond may lead to Defendant's motion being granted, to this case being dismissed for failure to prosecute under Fed. R. Civ. P. 41(b), or to other sanctions.**

(Docket No. 55.) As of the date of this Order, no response has been received from Plaintiff. The motion is thus confessed, and the Court recommends that the motion be granted.

2

Separately, the Court has reviewed the merits of Defendant's motion and finds the motion well-founded. Defendant's evidence establishes the absence of any genuine dispute of fact as to (1) whether Plaintiff has exhausted his administrative remedies, and (2) whether Plaintiff has access to the administrative-grievance process as a practical matter. *See, e.g.*, *Shelton v. Berkebile*, No. 14-cv-01441-WJM-MJW, 2015 WL 1651044, at *5–7 & n.1 (D. Colo. Apr. 8, 2015) (discussing exhaustion, BOP's four-step grievance process, and an exception to exhaustion requirement where plaintiff is effectively barred from accessing the grievance process). Accordingly, Defendant is entitled to judgment as a matter of law.

## Recommendation

For the foregoing reasons, the Court RECOMMENDS that Defendant's Motion for Summary Judgment (Docket No. 49) be GRANTED and that summary judgment be ENTERED in Defendant's favor based on Plaintiff's failure to exhaust administrative remedies.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: May 20, 2015            s/ Michael J. Watanabe
       Denver, Colorado         Michael J. Watanabe
                                          United States Magistrate Judge