IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-02323-CMA-MJW

DAWANE ARTHUR MALLETT,

    Plaintiff,

v.

J. MUNOZ, Correctional Officer,

    Defendant.

**ORDER AFFIRMING MAY 1, 2015 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the May 1, 2015 Recommendation by United States Magistrate Judge Michael J. Watanabe that Defendant's Motion for Sanctions (Doc. # 46) be granted, this case be dismissed with prejudice under Federal Rule of Civil Procedure 11(c) and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), and filing restrictions be imposed on Plaintiff. (Doc. # 53.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 53.) Despite this advisement, no objections to Magistrate Judge Watanabe's Recommendation were filed by either party.

"In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d

1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

The Court has reviewed all the relevant pleadings concerning Defendant's Motion for Sanctions and the Recommendation.  Based on this review, the Court concludes that Magistrate Judge Watanabe's thorough and comprehensive analyses and recommendations are correct and that "there is no clear error on the face of the record."  Fed. R. Civ. P. 72, advisory committee's note.  Therefore, the Court ADOPTS the Recommendation of Magistrate Judge Watanabe as the findings and conclusions of this Court.

Accordingly, it is ORDERED that the Recommendation of the United States Magistrate Judge (Doc. # 53) is AFFIRMED and ADOPTED.  It is

FURTHER ORDERED that Defendant's Motion for Sanctions under Rule 11 and the Court's Inherent Authority (Doc. # 46) is GRANTED.  It is

FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE under Federal Rule of Civil Procedure 11(c) and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).  It is

FURTHER ORDERED that the Recommendation of the United States Magistrate Judge (Doc. # 58) and Defendant's Motion for Summary Judgment (Doc. # 49) are DENIED AS MOOT.  It is

FURTHER ORDERED that the following filing restrictions are imposed on

Plaintiff:

1. Mr. Mallett shall not file in this Court any new civil actions that challenge disciplinary proceedings or attempt to raise claims regarding conditions of confinement, unless represented by a licensed attorney admitted to practice in the District of Colorado or unless he has obtained permission from the court to proceed *pro se*. This includes actions where Mr. Mallett is proceeding as a co-plaintiff or a co-applicant.

In order to obtain permission to proceed *pro se*, Mr. Mallett must:

   a. File with the Clerk of the Court a motion titled "Motion Pursuant to Court Order Seeking Leave to File a *Pro Se* Action" requesting leave to file a *pro se* case;

   b. Attach to the motion a copy of this Order or a separate statement that Mr. Mallett is subject to filing restrictions, which references this Order by caption and case number;

   c. Attach to the motion a list of all lawsuits currently pending in this Court or in any other federal or state court in which Mr. Mallett is a party, including the case name, number, a description of the claims asserted, and relief being sought in each case;

   d. Identify in the motion the legal issues raised in the new case; whether the issues have been raised in other proceedings in this Court or any other court; and, if so, the case name and docket number where the issues were raised;

   e. Include in the motion a statement advising the Court whether any defendant to the lawsuit was a party to, or was in any way involved in, any prior lawsuit involving Plaintiff and, if so, in what capacity;

   f. Attach to the motion a declaration complying with 28 U.S.C. § 1746 that states that the legal arguments being raised are not frivolous or made in bad faith, and are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and

   g. Attach to the motion a copy of the complaint or application sought to be filed, which must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Mr. Mallett shall not file any motions or other papers pertaining to the motion or the complaint or application until the Motion for Leave is decided, unless directed to do so by the Court.

3. Absent an imminent threat of serious bodily injury, Mr. Mallett shall not have more than one "Motion Pursuant to Court Order Seeking Leave to File a *Pro Se* Action" pending at a time.  In no event, absent an imminent threat of serious bodily injury, shall Mr. Mallett submit more than one motion per month.

4. The filing restrictions shall not interfere in any way with actions, orders, or judgments of any federal court involving Mr. Mallett, which predate the filing restrictions.

DATED:  May __26__, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge