IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-02323-CMA-MJW

DAWANE ARTHUR MALLETT,

    Plaintiff,

v.

J. MUNOZ, Correctional Officer,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND COURT-IMPOSED SANCTIONS

This matter is before the Court on Plaintiff's Motion to Amend Court-Imposed Sanctions Pursuant to Federal Rule of Civil Procedure 11(c). (Doc. # 64.)

On May 26, 2015, this Court entered final judgment against Plaintiff and imposed sanctions pursuant to Rule 11. (Doc. ## 59, 60.) The sanctions state that Plaintiff "shall not file in this Court any new civil actions that challenge disciplinary proceedings or **attempt to raise claims regarding conditions of confinement**, unless represented by a licensed attorney . . . or unless he has obtained permission from the court to proceed *pro se*." (*Id.* at 3) (emphasis added). See *Ketchum v. Crus*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) ("Injunctions are proper where, as here, the litigant's abusive litigation history is properly set forth"); *State of Colo. ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

Plaintiff now moves to amend these sanctions, asking the Court to:

1. Order the Federal Bureau of Prisons ("BOP") to authorize Plaintiff "to deposit funds into the court registry";
2. Order the BOP to provide Plaintiff with "300 minutes of legal phone calls each week";
3. Order the BOP to provide Plaintiff with "3 legal writting [sic] tablets each week, and 1 box of 50 legal envelopes each week'; and
4. "[T]ake notice" of Plaintiff's argument as to how the BOP's policies on writing materials, postage, and envelopes are "effectively dening [sic] [him] access to the courts."

(Doc. # 64 at 3–4.) While he styles this a motion to amend the sanctions, Plaintiff is actually challenging the conditions of his confinement. *See Bounds v. Smith*, 430 U.S. 817, 824–25 (1977) ("It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents . . ., and with stamps to mail them.")

To challenge the conditions of his confinement, Plaintiff must first exhaust all administrative remedies. 42 U.S.C. § 1997e(a); *Cleveland v. Harvanek*, 607 F. App'x 770, 772 (10th Cir. 2015). Only after completing the administrative grievance process may Plaintiff bring suit with respect to prison conditions. *Id.* And in light of the sanctions, Plaintiff may only bring suit if he is represented by a licensed attorney or has permission from the Court to proceed *pro se*. (Doc. # 59 at 3.) Plaintiff may not attempt to circumvent this process by, for example, filing a motion to amend his sanctions.

Because Plaintiff's Motion challenges the conditions of his confinement, Plaintiff's Motion to Amend Court-Imposed Sanctions (Doc. # 64) is DENIED.

DATED: December 14, 2017

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge